UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MAURICE D. SMALLS,

            Plaintiff,

v.                                          Case No. 3:05-cv-823-J-16MMH

CIRCUIT JUDGE KAREN K. COLE,
et al.,

            Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

    Plaintiff is an inmate in the custody of the Community Corrections Division at 451 Catherine Street in Jacksonville, Florida. On August 30, 2005, Plaintiff filed a pro se Petition (Doc. #1) (hereinafter Complaint), which this Court construes as a civil rights complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff names Circuit Court Judge Karen K. Cole and Sheriff John H. Rutherford as the Defendants in this action. Plaintiff claims that he was falsely booked and held in jail during the month of June, 2001. He seeks "lost Wages for false arrest and Detaining [him] on a charge they Had No grounds or Evidence[.]" Complaint at 1. Upon review of the Complaint, it is clear this case is due to be dismissed as frivolous.

    "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.)

(citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001).  A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous.  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 32 (1992).  Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success.  Bilal v. Driver, 251 F.3d at 1349.

   The Court notes that judges are absolutely immune from damages for those acts taken while they are acting in their judicial capacity, provided such acts are not done in clear absence of all jurisdiction.  Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996).  This immunity applies even if the judge's acts are in error, malicious, or were in excess of his jurisdiction.  Stump v. Sparkman, 435 U.S. 349, 356 (1978).  Because Plaintiff challenges the actions taken by Judge Cole while she was conducting judicial proceedings, it is clear she is absolutely immune from suit in performing these judicial responsibilities.  Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (citations omitted), cert. denied, 503 U.S. 921 (1992).  Therefore, insofar as Plaintiff seeks damages

from this judicial officer, his claim is "completely without a legal basis." Id.

Furthermore, it appears that Plaintiff is attempting to hold Sheriff Rutherford liable on a theory of respondeat superior.

> "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); Gonzalez, --- F.3d at ----, 2003 WL 1481583, at *4 (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability). Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. Gonzalez, --- F.3d at ----, 2003 WL 1481583, at *5; Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Here, Plaintiff has failed to allege that Sheriff Rutherford personally participated in any unconstitutional conduct. Further, he has not alleged any causal connection between the actions of Sheriff Rutherford and any constitutional deprivation.

Additionally, it appears that Plaintiff's false arrest and illegal detention claims are barred by the statute of limitations. Although 42 U.S.C. § 1983 does not have a statute of limitations provision, the courts look to the limitation periods prescribed by

the state in which the litigation arose.  In all § 1983 actions, the state limitations statute governing personal injury claims should be applied.  See Wilson v. Garcia, 471 U.S. 261, 276-79 (1985); Mullinax v. McElhenney, 817 F.2d 711, 716 n.2 (11th Cir. 1987).

> The applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries.  See Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (stating that state statutes of limitations for personal injuries govern § 1983); Baker v. Gulf & Wester Industries, Inc., 850 F.2d 1480, 1482 (11th Cir. 1988) (stating that Fla. Stat. Ann. § 95.11(3) provides for a four-year limitations period for personal injuries).

Omar ex. re. Cannon v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) (appendix).

Since the allegedly false arrest and illegal detention occurred in June of 2001, Plaintiff's claims are barred by the four-year statute of limitations and are due to be dismissed as frivolous.  See Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.").

As a final matter, the Court notes that Plaintiff failed to provide two copies of his Complaint for service upon the named Defendants.  He also failed to either file a request to proceed as a pauper or pay the $250.00 filing fee.

Accordingly, for all of the above-stated reasons, the Court will dismiss this case without prejudice to Plaintiff's right to file his claims against the proper defendants if he can demonstrate that the claims are not barred by the statute of limitations. See Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (finding that the district court properly dismissed the plaintiff's claims as time-barred prior to service since the plaintiff did not allege facts that would support tolling of the limitation period).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 31st day of August, 2005.

JOHN H. MOORE II
United States District Judge

ps 8/30

c:

Maurice D. Smalls